## Joseph Pfirshing et al.
### v.
## Henry Hoffart.

Decree against evidence.—This was an action upon an appeal bond to Supreme Court, given on appeal from a decree in proceedings for mechanic's lien.   The only question in this suit was whether a claim for material furnished was included in the amount of the original decree in the mechanic's lien suit, and this court finding the evidence strongly preponderating against the theory that it was included, the decree is reversed.

Appeal from the Circuit Court of Cook county; the Hon. W. W. Farwell, Judge, presiding.   Opinion filed May 28, 1879.

Mr. John C. Barker and Mr. W. T. Burgess, for appellants; that the defendant is estopped by the judgment in the mechanics' lien suit; it is conclusive;  cited Freeman on Judgments, § 434; Bigelow on Estoppel, 46;  Cooley on Limitations, 47;  Herman on Estoppel, § 30;  Duchess of Kingston's Case, 2 Smith's Lead. Cas. 424;  Laurence v. Jarvis, 32 Ill. 305;  Haywood v. Ribbons, 4 East. 310;  Biddle v. Wilkins, 1 Pet. 310;  Ellis v. Clark, 19 Ark. 420;  Crawford v. Executors, etc., 7 Porter, 110;  Bird v. Smith, 34 Me. 63;  Camp v. Baker, 40 Ga. 148;  Duke de Cadavall v. Collins, 4 Ad. & El. 867;  Wilson v. Cameron, 1 Kerr, 542;  Marriott v. Hampton, 7 T. Rep. 269;  Phillips v. Hunter, 2 H. Black. 410;  Kirklan v. Brown, 4 Humph. 174;  Doyle v. Reilly, 1 Iowa, 108;  Brinch v. Wood, 43 Bar. 315;  Huffner v. Allen, 12 Jur. N. S. 930;  Harris v. Harris, 26 Barb. 94;  Dewey v. Peck, 33 Iowa, 242;  Bauman v. Bauman, 18 Ark. 332;  Parkhurst v. Sumner, 23 Vt. 541;  Ellis v. Clark, 19 Ark. 420;

Goodrich v. Jenkins, 6 Ohio, 43; Anderson v. Anderson, 8 Ohio, 108; Grant v. Rumsey, 7 Ohio St. 157; Babcock v. Camp, 12 Ohio St. 11; Hites v. Orvine, 13 Ohio St. 283; Fischli v. Fischli, 1 Blackf. 360.

A final decree in chancery is as conclusive as a judgment at law: 7 Viners' Abr. 396; Freeman on Judgments, § 248; Herman on Estoppel, § 30; Bigelow on Estoppel, § 114; Cooley's Const. Lim. 47; Nanney v. Martin, Rep. in Ch. 234; Evans v. Tetum, 9 L. & R. 261; Kelsey v. Murphy, 26 Pa. St. 78; White v. Bank, 6 Hamm. 528; Bank v. Beverly, 1 How. 148; Low v. Mussey, 41 Vt. 293; Sibbald v. U. S. 12 Pet. 492; Martin v. Hunter, 1 Wheat. 355; Hopkins v. Lee, 6 Wheat. 113; Fischli v. Fischli, 1 Blackf. 360; Goodrich v. Jenkins, 6 Ohio, 43; Anderson v. Anderson, 8 Ohio, 108.

Upon the principle of *res adjudicata:* Rogers v. Higgins, 57 Ill. 244; Briscoe v. Lloyd, 64 Ill. 33; Hicks v. Chapin, 67 Ill. 375; Hamilton v. Quimby, 46 Ill. 90; Lawrence v. Jarvis, 32 Ill. 305; Holmes v. Stateler, 57 Ill. 209.

Equity will not relieve against a judgment unless there has been fraud, accident or mistake in obtaining it: Buckmaster v. Grundy, 3 Gilm. 626; Hinrichsen v. Van Winkle, 27 Ill. 334; How v. Mortell, 28 Ill. 478; State Bank v. Stanton, 2 Gilm. 352; Kelly v. Donlin, 70 Ill. 378; Tone v. Wilson, 81 Ill. 529; Bates v. Rorer, Breese, 60; Beaugenon v. Turcotte, Breese, 167; Smith v. Allen, 63 Ill. 474; Palmer v. Bethard, 66 Ill. 529; Fryrear v. Lawrence, 5 Gilm. 325; Jones v. Smith, 13 Ill. 301; Abrams v. Lee, 14 Ill. 167; Guinard v. Heysinger, 15 Ill. 288; Belton v. Fisher, 44 Ill. 32; Lloyd v. Lee, 45 Ill. 277; Wright v. Dunning, 46 Ill. 271; Walker v. Kretsinger, 48 Ill. 502.

Judgments are conclusive upon parties, their privies, and all claiming under them: 2 Phillips on Ev. § 6; 1 Greenleaf's Ev. § 523; Arenz v. Reihle, 1 Scam. 340; Estep v. Hutchman, 14 Serg. & R. 435; Burhans v. Van Zandt, 7 N. Y. 523; Foltz v. Prouse, 15 Ill. 434; Gray v. Gillilan, 15 Ill. 453; Krouchi v. Dehler, 50 Ill. 176; Briscoe v. Lloyd, 64 Ill. 33; Clubb v. Wise, 64 Ill. 157; Brinch v. Wood, 43 Barb. 315; Bowen v. Bonner 45 Miss. 10; Moore v. Bowmacker, 6 Taunt. 417; McFarland v. Irwin, 6 Johns. 77; Dodge v. Hubbell, 1 Vt. 491; Walbridge,

v. Hall, 3 Vt. 114; Allen v. Huntington, 2 Ark. 249; Colony v. Maeck, 8 Vt. 113; Atkinson v. Allen, 12 Vt. 619; Pelton v. Mott, 11 Vt. 149; Munson v. Munson, 30 Conn. 433; Bruen v. Hone, 2 Barb. 586; Embury v. Connor, 9 Const. 511; Haeir v. Baker, 1 Seld. 357; Davis v. Talcott, 2 Kern. 184; Hayes v. Reese, 34 Barb. 156.

In a suit on an appeal bond, the surety is estopped from disputing the facts recited in the bond: Arnott v. Friel, 50 Ill. 174; Smith v. Whitaker, 11 Ill. 417; George v. Bischoff, 68 Ill. 236; Herrick v. Swartwout, 72 Ill. 340; Crisman v. Mathews, 1 Scam. 148; Green v. Wardwell, 17 Ill. 237; Shaw v. Hayekluft, 21 Ill. 127.

The cause of action on the bond is complete when the judgment is affirmed and not paid: McConnell v. Swailes, 2 Scam. 571; Fournier v. Faggott, 3 Scam. 347; Sutherland v. Phelps, 22 Ill. 91.

Messrs. M. Marx & Son, for appellee; that the certificate of evidence does not purport to contain all the evidence, and the presumption is that there was evidence sufficient to justify the finding, cited Corbus v. Teed, 69 Ill. 205; Morgan v. Corlies, 81 Ill. 72; Walker v. Abt. 83 Ill. 226.

Pendency of the lien suit could not have been pleaded in the suit at law by Street & Chatfield: Culver v. Elwell, 73 Ill. 536.

The assignee of a judgment takes it subject to all equities that existed between the parties to the record: Hughes v. Trahern, 64 Ill. 48; Freeman on Judgments, 359.

The property of the principal must be exhausted before recourse is had to the surety: Irich v. Black, 2 C. E. Green, 189; Wright v. Austin, 56 Barb. 13; King v. Baldwin, 17 Johns, 384; 1 Story's Eq. § 326; De Colyar on Guaranties, 308; Brandt on Guaranty and Suretyship, 290; Cullum v. Emanuel, 1. Ala. 23; Rogers v. Trustees of Schools, 46 Ill. 429; Richards v. Commonwealth, 40 Pa. St. 146; Succession of Sargent, 16 La. An. 357; Kennedy v. Bossiere, 16 La. An. 445.

Murphy, P. J. It appears that Theodore Schroeder, of

the city of Chicago, having built a house for Herman Heyman, filed his petition. in the Circuit Court of Cook county, on the 8th day of January 1873, praying for a mechanic's lien upon the premises, claiming $938.00 as a balance due upon the contract. This suit Heyman appeared and defended, a trial of which resulted in a verdict for petitioner of $700.00, upon which a decree was entered, and from which Heyman appealed to the Supreme Court.

The appellee signed the appeal bond to effect such an appeal. Upon the hearing of such cause in the Supreme Court, the decree of the court below was affirmed. Thus the appellee became liable upon such bond for the payment of the decree of the court below.

It appears that in the course of the construction of said house, Schroeder, the contractor, purchased from Messrs. Street & Chatfield (lumber merchants), a bill of lumber amounting to the sum of $347.62, on account of Heyman, the proprietor. That on the 13th day of February, 1874, they commenced their action of assumpsit in the Circuit Court against Heyman, impleaded with Schroeder, to recover therefor.

To this suit Heyman appeared and defended. Default was entered as to Schroeder; as to the issue made on the plea of Heyman a trial was had by a jury, who rendered a verdict in favor of the plaintiffs for $347.62, upon which judgment was rendered, and the suit was litigated no further. On the 30th day of January, 1875, the Supreme Court having affirmed the case appealed to it, as above stated, suit was instituted upon the appeal bond in that case against Heyman, and Henry Hoffart, the surety therein, the appellee in this case, for the amount due on the decree from which said appeal had been prosecuted. The appellee then files his bill in the Circuit Court, alleging, among other things, that there was an agreement between Schroeder and Street & Chatfield, that Schroeder should include in his suit the amount due Street & Chatfield, and that in pursuance of such agreement in the Schroeder decree had been included $374.62, the claim of Street & Chatfield, for which they had recovered judgment; that Street & Chatfield had the premises sold under their judgment; that the decree

in favor of Schroeder was too large by that amount; then prays that the decree should be reduced in amount to the extent of Street & Chatfield's claim, and for an injunction to restrain the prosecution of the suit at law on said appeal bond. Schroeder, having assigned the decree in his favor to Arno Voss, and Voss to appellant Pfirshing, Heyman, Schroeder, Pfirshing and Street & Chatfield, were made defendants to the bill, and their answers under oath called for. Heyman failed to answer. The other defendants answered, in which they deny that the Street & Chatfield claim was included in the Schroeder decree; also deny that there was any agreement to that effect between Schroeder and Street & Chatfield.

On final hearing in the court below, that court found that the decree in favor of Schroeder above stated, did embrace the claim of Street & Chatfield, and ordered that said claim of Street & Chatfield should be taken out, and what should remain of the Schroeder decree, after making such deductions, should be collected, and no more, and made the injunction perpetual. From this decree, Joseph Pfirshing and Street & Chatfield prosecuted their appeal to this court, and bring the record here, and assign numerous errors which we have not deemed necessary to consider, as under the view taken by this court of the facts in the case, the decree will have to be reversed, for the reason that the evidence, as we think, fails to sustain the decree.

The principal allegation relied upon by the appellee is, that by reason of said agreement or understanding between Schroeder and Street & Chatfield, the claim of the latter against Heyman was included in the $700 decree entered in his favor in the mechanic's lien suit.

To say nothing of the questionable right of a court of equity to interfere in this case on the complaint of the appellee, except on the ground of fraud or mistake, there can be no pretense that the decree can be sustained without establishing that fact by a fair preponderance of the testimony.

On the part of the complainant in the court below, there was proof brought to show that Schroeder so stated on the witness stand, when testifying in his own cause; but the witnesses

offered were Nicholas Gross and George Rosenburg. They were people of apparently limited intelligence, and the story they related of their understanding of what he did say is so very unsatisfactory that, if uncontradicted, it would be impossible to sustain this decree as to Street & Chatfield. This appears to be all the proof offered by appellee, at the trial, to support this vital allegation. In opposition to this feeble showing by the complainant, was the sworn answers of the appellants, Pfirshing and Street and Chatfield, denying the existence of any such agreement, and also denying the more important fact of the $700.00 decree including the Street & Chatfield claim, at all. In addition to these answers, the same having been called for under oath by the bill, with all that such an answer imports, William Law, Jr., the attorney-at-law who tried the cause in the mechanics' lien case, for the defendant therein, testifies that the Street & Chatfield claim was not included in such decree; that the trial of said cause was hotly contested, the trial lasting several days, and that of his own certain knowledge the decree did not include the Street & Chatfield claim, or any part of it; but that during this proceeding, Heyman frequently consulted him in respect to the Street & Chatfield suit, which was then pending against him.

Upon this vital question, we think the evidence manifestly preponderates with the defendants, and, as a consequence, the decree is not sustained by the evidence; and that it was error on the part of the court below to enter it. It is accordingly reversed, and the cause remanded for further proceedings.

Decree reversed.